[721 NYS2d 559]

# In the Matter of JOSEPH M. ACITO, an Attorney, Resignor.

Second Department, March 12, 2001

**APPEARANCES OF COUNSEL**

*Joseph M. Acito,* North Salem, resignor *pro se.*

*Gary L. Casella,* White Plains (*Matthew Renert* of counsel), for Grievance Committee for the Ninth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Joseph M. Acito has submitted an affidavit dated October 20, 2000, wherein he tenders his resignation as an attorney and counselor-at-law (*see,* 22 NYCRR 691.9). Mr. Acito was admit-

ted to the Bar by the Appellate Division of the Supreme Court in the First Judicial Department on January 12, 1987.

Mr. Acito avers that his resignation is submitted voluntarily, that he has not been subjected to coercion or duress, and that he is fully aware of the implications of its submission. He is aware that he is the subject of eight pending complaints of professional misconduct currently being investigated by the Grievance Committee for the Ninth Judicial District. The complaints involve allegations of neglect of legal matters entrusted to him, as well as fraud, deceit, and misrepresentation. Mr. Acito concedes that he failed to comply with certain requests and directions of the Grievance Committee, and that he failed to maintain his attorney registration with the Office of Court Administration.

Mr. Acito acknowledges that he could not successfully defend himself on the merits against any charges predicated upon the aforesaid allegations.

Mr. Acito avers that he is currently the subject of a pending charge brought by the District Attorney of Westchester County alleging criminal possession of a forged instrument in the second degree.

Mr. Acito is aware that the Court, in any order permitting him to resign, could require him to make monetary restitution to any person whose money or property was misappropriated or misapplied, or to reimburse the Lawyers' Fund for Client Protection. He is aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him, and he waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of Mr. Acito's resignation.

As the proffered resignation complies with all pertinent Court rules, it is accepted, Mr. Acito is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

BRACKEN, ACTING P. J., O'BRIEN, SANTUCCI, ALTMAN and KRAUSMAN, JJ., concur.

Ordered that the resignation of Joseph M. Acito is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joseph M. Acito is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Joseph M. Acito shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see*, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joseph M. Acito is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.